# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50258 | **DATE** | 2/1/2012 |
| **CASE TITLE** | Vogeler vs. Conserv, FS, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendant's motion [34] for partial summary judgment is granted in part and denied in part. Summary judgment is granted in favor of defendant on the claim that plaintiff's reduction to part-time status was for discriminatory or retaliatory purposes because plaintiff's charge was untimely filed. Defendant's motion for summary judgment is denied in all other respects. Plaintiff's motion to strike defendants reply [47] to plaintiff's response to defendant's statement of facts is granted. The parties are directed to report to the magistrate judge on or before 3/2/2012 as to the feasibility of conducting a settlement conference or mediation with the magistrate judge or private mediator.

*Philip G. Reinhard*

■[ For further details see text below.]

Electronic Notices.
Copy to Magistrate Judge Mahoney.

## STATEMENT - OPINION

Plaintiff, Paula Vogeler, brings this action against her former employer, Conserv FS, Inc. She claims hostile work environment sexual harassment (Count I), sex discrimination (Count II), and retaliation (Count IV) all in violation of 42 U.S.C. § 2000e ("Title VII") and age discrimination (Count III) in violation of 29 U.S.C. § 621, et seq. ("ADEA"). Defendant moves for partial summary judgment [34], on untimeliness grounds, as to any claim (including plaintiff's claim she was wrongfully demoted to part-time status on July 14, 2006) for acts occurring prior to November 16, 2006, which, by defendant's calculation, is the date 300 days preceding plaintiff's filing of her Illinois Department of Human Rights and EEOC charges on September 12, 2007[1]. Plaintiff counters that none of her claims are untimely because "all acts constituting a hostile work environment are actionable so long as at least one act falls within the statutory time period" and because, after she was wrongfully demoted to part-time status each paycheck she received until her termination on July 11, 2007, was a new and discreet act of discrimination.[2]

Plaintiff is a female who was over the age of forty at all times relevant to this action. She was hired by defendant in September 2003. Effective July 17, 2006 she was reduced to part-time status. She maintains this reduction was in retaliation for her verbal and written objections to sex and age-based hostile working conditions and to unlawful disparate treatment based on age and sex. Plaintiff was terminated from employment with defendant on or about July 11, 2007. The stated reason given for her termination was that she made too many mistakes. Plaintiff contends this reason was a pretext for sex and age discrimination and was further retaliation for her objections to a hostile work environment and disparate treatment.

Defendant seeks partial summary judgment with respect "to acts and statements occurring prior to November 16, 2006, including that her hours were reduced to part-time on July 17, 2006." Defendant wants to bar any claim related to the reduction to part-time status and any use of incidents occurring prior to

# STATEMENT - OPINION

November 16, 2006, as a basis for plaintiff's claims.

It is undisputed that plaintiff's reduction to part-time status occurred outside the limitations period. Plaintiff argues this claim is saved by the Lily Ledbetter Fair Pay Act, 42 U.S.C. § 2000e-5(e)(3)(A), which she claims makes the lower paychecks she received within the limitations period nonetheless actionable unlawful employment practices, because they resulted from a discriminatory compensation decision (the reduction to part-time status) even though that decision occurred outside the limitations period. Plaintiff relies on Groesch v. City of Springfield, 635 F.3d 1020 (7th Cir. 2011) to support her claim.

In Groesch, white police officers who resigned from Springfield's police force were denied credit for prior service when they reapplied and were rehired by the department as entry level officers. When a black officer, resigned and reapplied, Springfield passed an ordinance granting the black officer a retroactive leave of absence allowing him to return with credit for his prior service and at the same rate of pay he was earning when he resigned. The white officers sought equal treatment but were unsuccessful. They filed Title VII charges with the EEOC more than 300 days after the decision by Springfield to deny them equal treatment. The Court of Appeals held the white officers' Title VII claims were "covered by the Ledbetter Act because they allege 'discriminatory compensation decisions' and are based on the payment of wages resulting from those decisions." Id. at 1025. Therefore, they were able to maintain their Title VII action for the lower wages they received within the 300 days prior to the filing of their EEOC charge. Plaintiff argues her situation is analogous. She was reduced to part-time status outside the 300-day period but that reduction was a discriminatory compensation decision and her lower wages paid within the 300-day period resulted from that decision.

Defendant counters that the reduction to part time was a discrete act akin to termination, failure to promote, denial of transfer, or refusal to hire so that plaintiff was required by Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002) to file a charge within 300 days of the reduction and that the Ledbetter Act does not apply because this is not a pay discrimination claim.

Defendant is correct. Plaintiff does not allege or present facts to support a claim that she was subject to a "discriminatory compensation decision." Groesch is distinguishable. It deals with a decision resulting in white officers being paid less than a black officer for similar work based on a decision by ordinance to treat the black officer more favorably. The Ledbetter Act is directed at situations like that, where unequal pay for equal work is at issue. See Almond v. Unified School Dist. #501, No. 10-3315, 2011 WL 5925312, * 8-9 (10th Cir. Nov. 29, 2011) (analyzing the legislative history and concluding "discrimination in compensation" means only "unequal pay for equal work"). Here, plaintiff makes no claims related to being paid less than any other worker. Accordingly, her claim concerning her reduction to part-time status is a discrete act that Morgan requires be brought within 300 days of its occurrence. Plaintiff's charge was beyond the limitation period. Defendant is entitled to partial summary judgment on plaintiff's claim related to her reduction to part-time status.

Defendant also seeks partial summary judgment as to any "acts or statements" occurring outside the limitations period. However, plaintiff alleges a hostile work environment claim. All acts constituting a hostile work environment are actionable so long as at least one act falls within the limitations period. Morgan, 536 U.S. at 118. Plaintiff's statement of facts describes acts occurring up until the time of her discharge which she maintains are part of the actions creating the hostile work environment. The time of her discharge is clearly within the limitations period. Defendant has not argued that the actions on which plaintiff relies are not severe or pervasive enough to constitute a hostile work environment. Defendant's arguments are confined to untimeliness. Plaintiff's hostile work environment claims are not untimely because at least some of the alleged actions creating the hostile work environment occurred within the limitations period. Id.

Defendant also seeks to bar consideration of pre-November 16, 2006 actions in considering plaintiff's disparate treatment, age and retaliation claims. However, while discrete discriminatory acts occurring outside the limitations period are not actionable themselves, they may be used for background evidence in support of

| STATEMENT - OPINION |
|---|

a timely claim. <u>Morgan</u>, 536 U.S. at 113. Plaintiff's statement of facts says the actions forming the basis of her claims occurred up until her termination. To the extent she can prove actionable conduct occurring within the limitations period, plaintiff has viable claims for disparate treatment, age discrimination and retaliation and conduct occurring outside the limitations period may be used by plaintiff as background. <u>Id.</u>

    For the foregoing reasons, defendant's motion [34] for partial summary judgment is granted in part and denied in part. Summary judgment is granted in favor of defendant on the claim that plaintiff's reduction to part-time status was for discriminatory or retaliatory purposes because plaintiff's charge was untimely filed. Defendant's motion for summary judgment is denied in all other respects. Plaintiff's motion to strike defendants reply [47] to plaintiff's response to defendant's statement of facts is granted. The parties are directed to report to the magistrate judge on or before 3/2/2012 as to the feasibility of conducting a settlement conference or mediation with the magistrate judge or private mediator.

1. Plaintiff says the charge filing date was 9/10/2007 but this dispute is immaterial as it relates to this motion.

2. Plaintiff also moves to strike defendant's reply to plaintiff's response to defendant's LR56.1(a)(3) statement of undisputed material facts as not allowed by LR 56.1. Plaintiff is correct. LR56.1(a)(3) allows the movant to reply to the non-movant's LR56.1(b)(3)(B) statement of additional facts, it does not allow a reply to the non-movant's responses to the movant's LR56.1(a)(3) statement of facts. Defendant's reply [47] to plaintiff's response to defendant's LR56.1(a)(3) statement of facts is stricken.